1  THOMAS P. O'BRIEN                                          **JS-6**
   United States Attorney
2  CHRISTINE C. EWELL
   Assistant United States Attorney
3  Chief, Criminal Division
   STEVEN R. WELK
4  Assistant United States Attorney
   Chief, Asset Forfeiture Section
5  ANN LUOTTO WOLF
   Assistant United States Attorney
6  California State Bar No. 137163
        United States Courthouse
7       411 West Fourth Street, Suite 8000
        Santa Ana, California  92701
8       Telephone:  (714) 338-3533
        Facsimile:  (714) 338-3708
9       Email:   Ann.Wolf@usdoj.gov

10 Attorneys for Plaintiff
   United States of America

11

12            UNITED STATES DISTRICT COURT

13        FOR THE CENTRAL DISTRICT OF CALIFORNIA

14              SOUTHERN DIVISION

15

16 UNITED STATES OF AMERICA,     )  NO.  **SA CV 06-378-AHS (MLGx)**
                                 )  [AND THE FOLLOWING CONSOLIDATED
17        Plaintiff,             )  ACTIONS:
                                 )  **SACV 06-384-AHS (MLGx)**
18        v.                     )  **SACV 06-387-AHS (MLGx)**
                                 )  **SACV 06-388-AHS (MLGx)**
19 REAL PROPERTY IN GARDEN GROVE,)  **SACV 06-392-AHS (MLGx)**
   CALIFORNIA,                   )  **CV 06-2216-AHS (MLGx)**
20                               )  **CV 06-5081-AHS (MLGx)**
          Defendant.            )
21 _____ )  **CONSENT JUDGMENT**
                                 )
22 ZNC PLAZA, INC.; EVERTRUST    )  [This document pertains to all
   BANK; AGSTAR FINANCIAL        )  actions **except** Real Property in
23 SERVICES; JONG OCK MAO; PLAZA )  Las Vegas, NV, CV 06-2210; Real
   SUNSET INVESTMENTS, LP; ZNC   )  Property in La Puente, CA, CV
24 ENTERPRISES, LLC; JONG'S      )  06-2212; Real Property in
   CONSULTING, INC.; WASHINGTON  )  Paramount, CA, CV 06-2217; and
25 MUTUAL BANK; MORTGAGE         )  $46,050.41 Bank Account Funds,
   ELECTRONIC REGISTRATION       )  CV 07-167 -- it is **not**
26 SYSTEMS, INC., and EDWARD LUTT,) dispositive of the entire
                                 )  consolidated action]
27        Claimants.            )
                                 )
28 _____ )
                                 )
   AND CONSOLIDATED ACTIONS.    )
   _____ )

1   On April 11, 2006, plaintiff United States of America

2   ("plaintiff" or the "government") commenced forfeiture actions

3   against:

4       -- a parcel of real property located in Garden Grove,

5       California, <u>United States v. Real Property in Garden Grove,</u>

6       <u>California</u>, SACV 06-378-AHS (MLGx) (the "Garden Grove

7       property action");

8       -- a parcel of real property located in Palestine, Texas,

9       <u>United States v. Real Property in Palestine, Texas</u>, SACV 06-

10      384-AHS (MLGx) (the "Palestine property action");

11      -- a parcel of real property located in Madisonville, Texas,

12      <u>United States v. Real Property in Madisonville, Texas</u>, SACV

13      06-387-AHS (MLGx) (the "Madisonville property action");

14      -- a parcel of real property located in Marianna, Florida,

15      <u>United States v. Real Property in Marianna, Florida</u>, SACV

16      06-388-AHS (MLGx) (the "Marianna property action");

17      -- a parcel of real property located in Beaumont,

18      California, <u>United States v. Real Property in Beaumont,</u>

19      <u>California</u>, EDCV 06-392-AHS (MLGx) (the "Beaumont property

20      action"); and

21      -- a parcel of real property located in Baldwin Park,

22      California, <u>United States v. Real Property in Baldwin Park,</u>

23      <u>California</u>, CV 06-2216-AHS (MLGx) (the "Baldwin Park

24      property action").

25      On February 8, 2007, the government filed a Second Amended

26  Complaint for Forfeiture against the following seized assets:

27      -- $629,710.76 in bank account funds (the "defendant bank

28      account funds");

2

1     -- $21,767.00 in U.S. currency (the "defendant currency");

2     -- one 2002 Renegade Motorhome (the "Motorhome");

3     -- one 2004 JCB Backhoe with enclosed cab, serial no.

4     903465,(the "Backhoe");

5     -- one mortgage or loan note in the amount of $300,000 (the

6     "Note"); and

7     -- $341,262.00 in net proceeds from the sale of real

8     property in South Gate, California (the "defendant

9     proceeds").

10    Collectively, the defendant bank account funds, the defendant

11    currency, the Motorhome, the Backhoe, the Note, and the defendant

12    proceeds shall be referred to herein as the "seized assets."

13        In each of these consolidated actions, the government alleges

14    that the defendant properties were purchased with proceeds of

15    violations of the Travel Act, 18 U.S.C. § 1952(a), and/or were

16    involved in money laundering transactions, rendering the assets

17    subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and

18    (C).

19        On May 30 and July 14, 2006, claimant ZNC Plaza Inc.

20    ("claimant ZNC") filed, respectively, a statement of interest and

21    an answer in the Garden Grove property action.  On May 18 and 24,

22    2006, lien-holder claimant Evertrust Bank filed a statement of

23    interest and an answer, respectively, in the Garden Grove

24    property action.  Pursuant to stipulated order, the Garden Grove

25    property was sold, lien-holder claimant Evertrust Bank was paid

26    in full, and, on July 16, 2007, the net proceeds in the sum of

27    $2,800,485.72 were substituted as the defendant <u>res</u> in the Garden

28    Grove property action.

On May 30 and July 14, 2006, claimant Jong's Consulting Inc. ("claimant Jong's") filed, respectively, a statement of interest and an answer in the Palestine property action.  On June 30, 2008, claimant Jong's filed for bankruptcy.  The bankruptcy trustee has filed a motion for an order authorizing the sale of the Palestine property, which motion is set for hearing September 10, 2008.

On May 30 and July 14, 2006, claimant Jong Ock Mao ("claimant Mao") filed, respectively, a statement of interest and an answer in the Madisonville property action.  On May 17, 2006, lien-holder claimant AgStar Financial Services, as agent for First Source Capital Mortgage, filed a statement of interest and an answer in the Madisonville property action.  Pursuant to stipulated order, the Madisonville property was sold, lien-holder claimant AgStar Financial Services, as agent for First Source Capital Mortgage, was paid in full, and, on August 7, 2008, the net proceeds in the sum of $216,597.16 were substituted as the defendant res in the Madisonville property action.

On May 31 and July 14, 2006, claimant Plaza Sunset Investments LP ("claimant Plaza") filed, respectively, a statement of interest and an answer in the Marianna property action.  In or about November 2006, the Marianna property was sold at a foreclosure sale to lien-holder Peoples South Bank.

On May 30 and July 19, 2006, claimant Jong Ock Mao ("claimant Mao") filed, respectively, a statement of interest and an answer in the Beaumont property action.

On May 30 and July 14, 2006, claimant ZNC Enterprises LLC ("claimant ZNC") filed, respectively, a statement of interest and

4

an answer in the Baldwin Park property action.  Pursuant to stipulated order, the Baldwin Park property was sold, and, on August 25, 2006, the net proceeds in the sum of $98,592.61 were substituted as the defendant <u>res</u> in the Baldwin Park property action.

On October 4, 2006, claimants Jong Ock Mao, Jong's Consulting Inc., Mao Family Limited Partnership, MX Oasis Inc., County Wide Investment LLC, Plaza Sunset Investment LP, ZMX R Inc., ZNC Compassion Foundation, ZNC Enterprise LLC, ZNC Plaza Inc., and ZNC Plaza Management Inc. (collectively, "claimant Mao") filed statements of interest in the seized assets action.

No other claims, statements of interest, or answers have been filed in the Garden Grove property action, the Palestine property action, the Madisonville property action, the Marianna property action, the Beaumont property action, the Baldwin Park property action, and the seized assets action, and the time for filing claims, statements, and answers has expired.

The government and claimants have agreed to settle the Garden Grove property action, the Palestine property action, the Madisonville property action, the Marianna property action, the Beaumont property action, the Baldwin Park property action, and the seized assets action and to avoid further litigation.

The Court having been duly advised of and having considered the matter, and based upon the mutual consent of plaintiff and claimants,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.   This Court has jurisdiction over the Garden Grove property action, the Palestine property action, the Madisonville

1  property action, the Marianna property action, the Beaumont

2  property action, the Baldwin Park property action, and the seized

3  assets action pursuant to 28 U.S.C. §§ 1345 and 1355.

4      2.   The Complaints for Forfeiture state claims for relief

5  pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).

6      3.   Notice of the actions has been given as required by

7  law.  Claimants identified herein filed the only claims,

8  statements of interest, and/or answers in the Garden Grove

9  property action, the Palestine property action, the Madisonville

10 property action, the Marianna property action, the Beaumont

11 property action, the Baldwin Park property action, and the seized

12 assets action.  The Court deems that all other potential

13 claimants admit the allegations of the Complaints for Forfeiture

14 to be true.

15     4.   Claimants agree to forfeiture as set out below.  A

16 judgment of forfeiture is hereby entered in favor of the United

17 States, which shall dispose of the following defendant properties

18 in accordance with the law:

19         (A)  $2,800,485.72 in net proceeds from the sale of the

20         Garden Grove property plus all accrued interest on the

21         entirety of the net proceeds are hereby forfeited to the

22         United States of America, and no other right, title, or

23         interest shall exist therein.

24         (B)  The net proceeds, if any, from the trustee sale of

25         the Palestine property are hereby forfeited to the United

26         States of America, and no other right, title, or interest

27         shall exist therein.

28         (C)  $216,597.16 in net proceeds from the sale of the

6

Madisonville property plus all accrued interest on the entirety of the net proceeds are hereby forfeited to the United States of America, and no other right, title, or interest shall exist therein.

(D)  $98,592.61 in net proceeds from the sale of the Baldwin Park property plus all accrued interest on the entirety of the net proceeds are hereby forfeited to the United States of America, and no other right, title, or interest shall exist therein.

(E)  The defendant bank account funds plus all accrued interest on the entirety of the defendant bank account funds are hereby forfeited to the United States of America, and no other right, title, or interest shall exist therein.

(F)  The defendant currency plus all accrued interest is hereby forfeited to the United States of America, and no other right, title, or interest shall exist therein.

(G)  The Backhoe is hereby forfeited to the United States of America, and no other right, title, or interest shall exist therein.

(H)  The Note is hereby forfeited to the United States of America, and no other right, title, or interest shall exist therein.

(I)  The defendant proceeds plus all accrued interest are hereby forfeited to the United States of America, and no other right, title, or interest shall exist therein.

5.  The Internal Revenue Service ("IRS") shall transfer $249,642.60 of the forfeited funds to the Department of Homeland Security - U.S. Customs and Border Protection ("CBP") to

1  reimburse CBP for the monies withdrawn from the defendant bank
2  account funds to pay the lien of Lariat Construction Services,
3  Inc.

4      6.   The action against the Marianna property is hereby
5  dismissed.

6      7.   The Motorhome, which was previously returned to
7  claimant Mao, shall be retained by claimant Mao.

8      8.   The action is hereby dismissed against the Beaumont
9  property.  The government will record a withdrawal of lis pendens
10  within 30 days of the entry of judgment.

11      9.   Claimants will execute further documents, to the extent
12  necessary, to convey clear title to the defendant properties and
13  to further implement the terms of this Consent Judgment.

14      10.  Claimants hereby release the United States of America,
15  its agencies, officers, and employees, including employees of the
16  Department of Homeland Security, Immigration and Customs
17  Enforcement, IRS -- Criminal Investigation Division, and CBP, and
18  local law enforcement agencies, their agents, officers, and
19  employees, from any and all claims, actions, or liabilities
20  arising out of or related to these actions, including, without
21  limitation, any claim for attorneys' fees, costs, or interest on
22  behalf of claimants, whether pursuant to 28 U.S.C. § 2465 or
23  otherwise.

24      11.  The Court finds that there was reasonable cause for the
25  institution of these proceedings against the Garden Grove
26  property, the Palestine property, the Madisonville property, the
27  Marianna property, the Beaumont property, the Baldwin Park
28  property, and the seized assets.  This judgment shall be

8

1   construed as a certificate of reasonable cause pursuant to 28

2   U.S.C. § 2465.

3       12.   The Court further finds that claimants did not

4   substantially prevail in the actions, and all parties shall bear

5   their own attorneys' fees and other costs of litigation.

6   DATED:  October 22, 2008

ALICEMARIE H. STOTLER

7   _____
    THE HONORABLE ALICEMARIE H. STOTLER
8   CHIEF UNITED STATES DISTRICT JUDGE

9                        CONSENT

10      The government and claimants consent to judgment and waive

11  any right of appeal.

12  DATED:  October 9, 2008      THOMAS P. O'BRIEN
                                 United States Attorney
13                               CHRISTINE C. EWELL
                                 Assistant United States Attorney
14                               Chief, Criminal Division
                                 STEVEN R. WELK
15                               Assistant United States Attorney
                                 Chief, Asset Forfeiture Section
16
                                 / s /
17  _____
                                 ANN LUOTTO WOLF
18                               Assistant United States Attorney

19                               Attorneys for Plaintiff
                                 United States of America
20
                                 / s /
    DATED:  September 8, 2008  _____
21                               JONG OCK MAO, Claimant

22  DATED:  September ___, 2008
                                 / s /
23  _____
                                 PAUL L. GABBERT
24
                                 Attorney for Claimants
25                               ZNC Plaza Inc., Jong Ock Mao, Mao
                                 Family Limited Partnership, MX
26                               Oasis Inc., County Wide Investment
                                 LLC,  Plaza Sunset Investment LP,
27                               ZMX R Inc., ZNC Compassion
                                 Foundation, ZNC Enterprises LLC,
28                               ZNC Plaza Management Inc., and
                                 Jong's Consulting Inc.

9

1    DATED:   September 4, 2008      SHEPPARD MULLIN RICHTER & HAMPTON

2

3                                    _____/ s /_____

4                                    RICHARD W. BRUNETTE, JR.
                                     THERESA LOUISE WARDLE

5                                    Attorneys for Claimant
                                     AgStar Financial Services

6

7

8    DATED:   October 10, 2008 LAW OFFICES OF DAVID BOW WOO

9

10                                   _____/ s /_____

11                                   DAVID BOW WOO

12                                   Attorneys for Claimant
                                     Evertrust Bank

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28